**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0956-17T2

CHRIS G. ALEVRAS,

     Plaintiff-Appellant,

v.

JAMES BARLETTI, individually, and
GOLD, ALBANESE, BARLETTI &
LOCASCIO, LLC,

     Defendants-Respondents.

_____

         Submitted September 13, 2018 – Decided October 29, 2018

         Before Judges Simonelli and DeAlmeida.

         On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket DC-004459-17.

         Chris G. Alevras, appellant pro se.

         Respondents have not filed briefs.

PER CURIAM

Plaintiff Chris G. Alevras appeals from the September 8, 2017 order of the Special Civil Part dismissing his complaint for failure to state a claim upon which relief can be granted.  We affirm.

Alevras is a paralegal.  Although he has a law degree, he is not admitted to practice law in New Jersey.  Audwin Levasseur, Esq. retained Alevras as a contract paralegal to assist with Levasseur's representation of a client in a matter then pending in the Law Division.  Defendant James Barletti, a partner in defendant law firm Gold, Albanese, Barletti & Locascio, LLC, represented the parties sued by Levasseur's client in that matter.

On May 8, 2017, Barletti submitted a letter in opposition to a motion filed on behalf of Levasseur's client.  In addition to referring to the motion as baseless, Barletti wrote, "[i]mportantly, I must note that it is apparent to me that it is plaintiff's paralegal, Chris Alevras, who is a convicted felon and a pathological liar, that is filing these motions."

On June 14, 2017, Alevras filed a complaint in the Special Civil Part against defendants, alleging defamation based on the May 8, 2017 letter. Alevras alleged that Barletti's characterization of him as "a pathological liar" was false.  In addition, Alevras alleged that in his letter Barletti implied Alevras

> had engaged in and was committing numerous criminal offenses during and in relation to the civil case

2

including but not limited to engaging in the unauthorized practice of law, forging the signature of Mr. Levasseur without the knowledge or authorization of Mr. Levasseur, impersonating and appropriating the identity of Mr. Levasseur and filing pleadings without the knowledge or authorization of Mr. Levasseur.

On September 8, 2017, the trial court granted defendants' motion to dismiss the complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. In his written statement of reasons, Judge Philip J. Maenza held that defendants were absolutely immune from a defamation claim under the litigation privilege. See Hawkins v. Harris, 141 N.J. 207, 216 (1995); Hill v. N.J. Dep't of Corr. Comm'r Fauver, 342 N.J. Super. 273, 294-95 (App. Div. 2001). The judge concluded that the statements in Barletti's May 8, 2017 letter were made in a judicial proceeding, by a person authorized to make those statements, to achieve the objectives of the litigation, and had some connection or logical relation to the underlying action. This appeal followed.

We have considered Alevras' arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in Judge Maenza's cogent written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-0956-17T2